No. 32,967

VERNON E. BOWERS, *Appellee*, v. AMERICAN BONDING COMPANY OF BALTIMORE, *Appellant*.

(58 P. 2d 1127)

Opinion filed July 3, 1936.

*J. H. Brady, N. E. Snyder*, both of Kansas City, *Maurice H. Winger, P. E. Reeder, Frank P. Barker, Leland Hazard* and *David R. Derge*, all of Kansas City, Mo., for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips* and *Bernard W. Alden*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: The action was one against the surety on a replevin bond for failure to satisfy a judgment for return of the seized property, or payment of its value. Defendant counterclaimed for the balance due on a promissory note given by plaintiff and transferred to defendant. Plaintiff pleaded failure of consideration for the note. Defendant contended the defense to the note of failure of consideration was not available to plaintiff, because defendant acquired the note from a holder in due course. The defense to the note of failure of consideration was submitted to the jury, and the verdict and judgment were for plaintiff, for the value of the replevined property established in the replevin action. Defendant appeals.

Bowers purchased an automobile from the Adt Motor Company, a retail dealer in automobiles, and in payment of price gave the Adt Company a negotiable promissory note, payable in installments and secured by chattel mortgage. The next day the Adt Motor Company

transferred the note and mortgage to the Tri-State Investment Corporation. Bowers used the automobile some nine months. In that time he drove it about 10,000 miles, meantime paying installments of the note as they fell due. There was testimony the automobile never did perform properly, was a "lemon," and Bowers discontinued making payments on the note. The Tri-State Investment Corporation commenced an action of replevin to obtain possession of the automobile, and gave the bond sued on, signed by defendant, The American Bonding Company of Baltimore, as surety. Possession of the automobile was delivered to the Tri-State Investment Corporation, the replevin action was tried, and judgment was rendered in favor of Bowers for return of the automobile, or for its value, $367.25. The automobile was not returned to Bowers, and the alternative portion of the judgment in his favor was not satisfied. The bonding company purchased Bowers' note to the Adt Motor Company, which the Adt Motor Company had transferred to the Tri-State Investment Corporation, and on which there remained a balance due and unpaid. This balance was a proper counterclaim in Bowers' action against the bonding company. Whether Bowers' defense of failure of consideration for the note could be interposed against the counterclaim depended on whether the Tri-State Investment Corporation was a holder in due course. If so, the bonding company enjoyed the same immunity from defense of failure of consideration as the Tri-State Investment Corporation.

The note was given to the Adt Motor Company on July 9, 1931, and was for $604.08, payable in installments as per schedule forming part of the note. On July 10, 1931, the payee sold the note to the Tri-State Investment Corporation for $490, and endorsed the note as follows:

"Pay to the order of Tri-State Investment Corp., with repurchase agreement on the Adt Motor Company."

On the same sheet of paper on which the note was written, and below the note, appeared a chattel mortgage executed by Bowers to the Adt Motor Company, securing the note. At the trial it appeared the mortgage had been detached, a subject of no present importance.

Bowers contends the reference in the endorsement to a repurchase agreement shows the note was incomplete. What the repurchase agreement was, was not disclosed. Apparently it was a collateral instrument of some kind "on the Adt Motor Company," and the purpose was to transfer the agreement to the purchaser of the note

"with" the note. Whatever the agreement was, there was nothing in reference to it in the note. The note was complete in itself, and so far as the note was concerned, it was a negotiable instrument.

Leaving out of account the reference in the endorsement to the repurchase agreement, the endorsement was a special endorsement, specifying the person to whose order the instrument was made payable (R. S. 52-405). Under the evidence the Tri-State Investment Corporation possessed every qualification necessary to constitute it a holder in due course prescribed in R. S. 52-502. Therefore, the question narrows down to this: Was the Tri-State Investment Corporation's character as a holder in due course impaired by the addition to the regular commercial endorsement of the words, "with repurchase agreement on the Adt Motor Company"?

Bowers cites no provision of the negotiable-instruments act which would have the effect suggested. This court is unable to discover any provision of the negotiable-instruments act which would have such effect, and the court is of the opinion the reference to the repurchase agreement had no more effect on the negotiation than if, to the words of the regular commercial endorsement, there had been added an assignment of the chattel mortgage.

If the repurchase agreement had, in fact, been important as affecting the character of the endorsement, doubtless Bowers would have pleaded and proved it. Instead of that, Bowers speaks of the endorsement as "qualified," and as "restricted" by the repurchase agreement, and as "subject to" the repurchase agreement. The endorsement is not open to such an interpretation, and the court is of the opinion the Tri-State Investment Corporation was a holder in due course.

The result of the foregoing is, plaintiff's claim against defendant should have been allowed. Defendant's counterclaim against plaintiff should have been allowed. Then judgment should have been rendered for the amount of the difference between the two claims, in favor of the party to whom the difference was due.

The judgment of the district court is reversed, and the cause is remanded to the district court for judgment as indicated.